IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
               Plaintiff, )
)
v. ) No. 05 C 6134
)
LUDOWICI-CELADON COMPANY, et al., )
)
               Defendants. )

<u>MEMORANDUM ORDER</u>

This Court, having recently been favored with the dubious distinction of inheriting, by random assignment, what is by far the oldest case in this District Court that requires current consideration,[1] has now received the United States' memorandum in response to the motion of Ludowici Roof Tile, Inc. ("Ludowici," which was Ludowici-Celadon Company at the time of the Decree referred to in n.1) to terminate the Decree. Although this Court had initially set a first status date of January 30, 2006 in this action so that the United States could proceed with its desired publication (including an invitation for public comment) regarding the proposed termination, this Court's review of Ludowici's motion and of the United States' response has now led it to call counsel for the parties in for a much earlier status

---

[1] Despite the newly-assigned 2005 case number, the case actually dates back to a time when the federal docket was divided between law and equity calendars and when the case numbers contained no year references--instead this action was labeled "In Equity No. 9022," and the Final Decree ("Decree") now tendered for fresh review was a March 28, 1929 antitrust consent decree signed by then District Judge James Wilkerson.

hearing.

As United States Mem. 1-2 says, the government has tentatively consented to the requested termination. Its initial cited authority (at Mem. 6) is the case that for many years had been the seminal decision on the subject of terminating consent decrees, United States v. Swift & Co., 286 U.S. 106 (1932)--and its Mem. 9 quotes from a much later consideration by the late Judge Julius Hoffman of a motion to modify the decree in Swift, 1975 WL 864, at *3 (N.D. Ill. Jan. 17). But the strict constraints on decretal termination that were set out by the Supreme Court in Swift have ceased to provide the controlling ground rules ever since that Court's treatment of the subject in Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367 (1992)(see also such cases rejecting the Swift standard's continued applicability to antitrust consent decrees, or applying a less stringent standard, as United States v. Western Elec. Co., 46 F.3d 1198, 1202-03 (D.C. Cir. 1995), United States v. Eastman Kodak Co., 63 F.3d 95, 100-02 (2d Cir. 1995) and United States v. IBM Corp., 163 F.3d 737, 740-41 (2d Cir. 1998)).

In this instance it would appear to be an act of supererogation to go through the delay that would be created by following the procedure proposed by the government. Instead the government's own showing is that Ludowici, which was once the dominant force in the clay roofing tile market, now has only a 5%

market share, that it has only one operating plant and that clay tile roofing is now competitively available from at least seven competitive manufacturers that sell such tile in this country, as well as from what United States Mem. 5 describes as "a number of other manufacturers located in Europe, South America and Central America" that export into the United States.[2]

Under the circumstances thus acknowledged by the government, with Ludowici's share of the market having shrunk from its original 90% to its present middle or lower single-digit level, it seems absurd to speak in antitrust terms of its involvement in the market--either of monopoly or of anything threatening that status. No way has been suggested in which this now small tail could wag the large dog that constitutes the relevant market. Unless the government can demonstrate that the law <u>requires</u> the process of publication and public comment before this Court can make the relevant public interest determination, a swifter end to this revived lawsuit seems appropriate.

Accordingly counsel for the parties are ordered to make themselves available for a status hearing at 8:45 a.m. December 9, 2005 to discuss what has been said here (for that purpose there is no need for the Department of Justice

---

[2] This leaves aside the question whether, as asserted by Ludowici but contested by the United States, the relevant market is simply that of clay tile roofing or should also include numerous other types of roofing material--an inclusion that would drive Ludowici's 5% market share downward to a far lower number.

3

representative to travel to Chicago--instead a telephone call to this Court at 312.435.5766 will be entirely satisfactory[3]).

*/s/ Milton I. Shadur*
Milton I. Shadur
Senior United States District Judge

Date: November 28, 2005

---

[3] Because Ludowici is represented both by Chicago counsel and by Pepper Hamilton of Philadelphia, telephonic participation on that side of the case is equally acceptable. But if both sides do plan to participate by phone, it is their responsibility to arrange for a timely telephone conference call, rather than leaving the matter to this Court's staff.

4